### AMERICAN WALTHAM WATCH CO. v. SANDMAN.

(Circuit Court, S. D. New York. July 28, 1899.)

UNFAIR COMPETITION—"WALTHAM" WATCHES.

The word "Waltham," on watches, while originally used in a geographical sense only, has by its long-continued use by the American Waltham Watch Company acquired a secondary meaning, as a designation of the watches manufactured by that company; and its use by another manufacturer, without some accompanying statement to clearly distinguish its watches from those manufactured by such company, and in a manner calculated to, and which does, deceive purchasers, constitutes unfair competition.[1]

This was a suit in equity for an accounting and an injunction against unfair competition in trade.

Frank L. Crawford, for complainant.
H. H. Kellogg and Oliver R. Mitchell, for defendant.

TOWNSEND, District Judge.. On final hearing herein, complainant asks for an injunction and accounting against the defendant by reason of his unlawful use of the word "Waltham" on watches sold by him. The supreme court of Massachusetts has decided the same questions as are herein involved adversely to the claims of defendant.

Complainant is, and has been for nearly 50 years, a manufacturer of watches at Waltham, Mass. It was practically the pioneer in the watch business in this country. Prior to 1854, the date of the establishment of its business, only two attempts had been made in this country to manufacture watches, both of which were unsuccessful. Its business has grown to an enormous extent, nearly 8,000,000 of watch movements being sold by it, all of which, with but few exceptions, have borne the name "Waltham," and over $1,000,000 have been expended by it in advertising and familiarizing the public with its watches. It appears that originally the name "Waltham" was thus used in a geographical sense, but by continued use it has acquired a secondary meaning, as a designation of watches of a particular class, and purchasers have come to understand that watches stamped with the name "Waltham" are watches made by complainant. In 1895, one E. A. Locke, for whom this defendant was sole selling

---

[1] As to unfair competition generally, see note to Scheuer v. Muller, 20 C. C. A. 165, and note to Lare v. Harper & Bros., 30 C. C. A. 376.

As to use of geographical names as trade-marks or trade-names, see note to Hoyt v. J. T. Lovett Co., 17 C. C. A. 657, and note to Illinois Watch-Case Co. v. Elgin Nat. Watch Co., 35 C. C. A. 242.

agent, began the manufacture of watches in Waltham under the name of "Columbia Watch Company." Said Locke was not a resident of Waltham. Before locating his business there, he talked with one Frederick Ripley of the value of the name "Waltham" in connection with watches, and said that, if he ever were to manufacture watches, he would do so at Waltham; and he further said to Ripley "that he considered Waltham the best place in the world to manufacture watches, because the word 'Waltham' would sell a watch"; and in answer to the question how the word "Waltham" had come to be known all over the world he said, "Through the Waltham watch, that is manufactured in Waltham by the American Company." Said Locke has made watches similar in appearance to those manufactured by complainant, and stamped with the names of fictitious corporations and the words "Waltham, Mass." They were of an inferior quality, and were sold for a much lower price than those of complainant. While the number of watches made by said Locke prior to 1898 did not exceed 25,000, such watches were stamped with much higher numbers, so as to suggest, together with the name "Waltham," the older and original manufacture of watches by complainant; and purchasers were actually deceived into believing they had purchased the original Waltham watches, when in reality they had bought watches of defendant's manufacture.

The controlling questions herein have been elaborately discussed by Judges Knowlton and Holmes, of the supreme judicial court of Massachusetts, in American Waltham Watch Co. v. United States Watch Co., 53 N. E. 141, and in the views therein expressed I heartily concur. The ground of said decisions is that such conduct is in violation of the law against unfair trade, and is intended to deceive and defraud the public, and to deprive the complainant of the trade and good will to which it is entitled. In the course of his opinion Judge Knowlton said:

"I am of the opinion that this word [Waltham] has acquired a secondary meaning, in connection with the plaintiff's watches, of which the defendant has no right to avail itself, to the damage of the plaintiff, and that there should be an injunction against the use by the defendant of the word 'Waltham,' or the words 'Waltham, Mass.,' upon plates of its watches, without some accompanying statement which shall clearly distinguish its watches from those manufactured by the plaintiff. I find that the use of the word 'Waltham', in its geographical sense,' on the dial, is not important to the defendant, and that its use should be enjoined. Specimens of watch movements were put in evidence by the plaintiff, which showed that it would not be difficult to make prominent upon the plate, in connection with the words 'U. S. Watch Co., Waltham, Mass.,' the words 'No connection with the Am. Waltham Watch Co.,' or 'Not the original Waltham Watch Co.,' or similar explanatory statement."

And Judge Holmes, delivering the opinion of said court sustaining the decision of Judge Knowlton, said:

"Whatever might have been the doubts some years ago, we think that now it is pretty well settled that the plaintiff, merely on the strength of having been first in the field, may put later comers to the trouble of taking such reasonable precautions as are commercially practicable to prevent their lawful names and advertisements from deceitfully diverting the plaintiff's custom."

A decree may be entered for an injunction and an accounting.